IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION

No. 5:08-CV-149-FL

| | |
|---|---|
| MARGARET A. WARREN, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | |
| ) | ORDER |
| MICHAEL J. ASTRUE, ) | |
| Commissioner of Social Security, ) | |
| ) | |
| Defendant. ) | |

This matter comes now before the court on the parties' cross-motions for judgment on the pleadings. (DE ## 12, 14.) On September 29, 2008, United States Magistrate Judge Robert B. Jones, Jr. issued memorandum and recommendation ("M&R") wherein it was recommended that this court deny plaintiff's motion and grant defendant's motion. Plaintiff filed objections to which defendant did not respond. In this posture, the issues raised are ripe for decision.

## STATEMENT OF THE CASE

Plaintiff filed application for Supplemental Security Income payments on February 23, 2005, alleging disability beginning on August 11, 2004. Plaintiff's claims were denied initially and upon reconsideration. On April 6, 2007, plaintiff appeared and testified before an Administrative Law Judge ("ALJ"). A vocational expert was present and testified as well. On April 24, 2007, the ALJ issued decision denying plaintiff's claims, and the Appeals Council denied plaintiff's request for review on January 23, 2008, thereby rendering the ALJ's decision the final decision of the Commissioner of Social Security ("Commissioner").

On March 20, 2008, plaintiff filed complaint in this court seeking review of that decision.

In her memorandum in support of her motion for judgment on the pleadings, plaintiff contends that the ALJ's decision should be reversed on the grounds that the ALJ erred by (1) failing to properly evaluate the appropriate factors in assigning weight to a treating physician's opinion, (2) failing to properly evaluate the appropriate factors in assessing plaintiff's credibility, and (3) arriving at a Residual Functional Capacity ("RFC") finding that is not supported by substantial evidence.

In M&R entered September 29, 2008, the magistrate judge rejected plaintiff's arguments and recommended that this court grant defendant's motion for judgment on the pleadings. Plaintiff filed objection to the M&R on October 9, 2008, to which defendant did not respond. After careful consideration, the court overrules plaintiff's objections and upholds the M&R.

## DISCUSSION

### A. Standard of Review

The court may "designate a magistrate judge to conduct hearings . . . and to submit to a judge of the court proposed findings of fact and recommendations for the disposition" of a variety of motions, including motions for judgment on the pleadings. 28 U.S.C. § 636(b)(1)(A)-(B). Upon careful review of the record, "the court may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1)(C). The court is obligated to make *de novo* determinations of those portions of the M&R to which objections have been filed. Id.; see also Camby v. Davis, 718 F.2d 198, 199 (4th Cir. 1983).

This court is authorized to review the Commissioner's denial of benefits under 42 U.S.C. § 405(g). It must uphold the findings of the ALJ if they are supported by substantial evidence and were reached through application of the correct legal standard. Id.; Craig v. Chater, 76 F.3d 585, 589 (4th. Cir. 1996). Substantial evidence is "such relevant evidence as a reasonable mind might accept

2

as adequate to support a conclusion." Richardson v. Perales, 402 U.S. 389, 401 (1971) (quoting Consol. Edison Co. v. NLRB, 305 U.S. 197, 229 (1938)). "It consists of more than a mere scintilla of evidence but may be somewhat less than a preponderance." Blalock v. Richardson, 483 F.2d 773, 776 (4th Cir. 1972) (quoting Laws v. Celebrezze, 368 F.2d 640, 642 (4th Cir. 1966)).

In its inquiry, the court may not "undertake to re-weigh conflicting evidence, make credibility determinations, or substitute [its] judgment for that of the [Commissioner]." Mastro v. Apfel, 270 F.3d 171, 176 (4th Cir. 2001) (quoting Craig, 76 F.3d at 589). "Ultimately, it is the duty of the administrative law judge reviewing a case, and not the responsibility of the courts, to make findings of fact and to resolve conflicts in the evidence." Hays v. Sullivan, 907 F.2d 1453, 1456 (4th Cir. 1990). Even if the court disagrees with the commissioner's decision, the court must uphold it if it is supported by substantial evidence and was reached through application of the correct legal standard. Id. With these principles in mind, and having benefit of the M&R, the court turns to the arguments at hand.

## B. Plaintiff's M&R Objections

Plaintiff raises three objections to the M&R, contending the magistrate judge erred by (1) not considering the ALJ's failure to discuss the length and frequency of Dr. Soon Kwark's treating relationship with plaintiff in weighing Dr. Kwark's medical opinion; (2) not considering the ALJ's failure to discuss the type, dosages, and side effects of medications plaintiff was taking for pain symptoms in determining plaintiff's credibility; and (3) improperly finding that the ALJ's RFC determination was supported by substantial evidence. The court addresses these objections in turn.

Plaintiff objects that the magistrate judge improperly upholds the ALJ's decision not to "give credence" to Dr. Kwark's opinions expressed in the "Residual Functional Capacity Report"

3

completed on February 27, 2007. (R. 210-13). Plaintiff contends that the ALJ erred in failing to discuss the length and frequency of Dr. Kwark's treating relationship with plaintiff, and the magistrate judge subsequently erred by not discussion this omission. An ALJ may "assign no or little weight to a medical opinion, even one from a treating source . . . if he sufficiently explains his rationale and if the record supports his findings." Wireman v. Barnhart, 2006 WL 2565245, *8 (W.D. Va. 2006); see also Craft v. Apfel, 1998 WL 702296, *2 (4th Cir. Oct. 6, 1998) ("An ALJ's determination as to the weight to be assigned a medical opinion will generally not be disturbed absent some indication that the ALJ has dredged up specious inconsistencies or has not given good reason for the weight afforded a particular opinion."). Nevertheless, "a treating physician's opinion on the nature and severity of the claimed impairment is entitled to controlling weight if it is well-supported by medically acceptable clinical and laboratory diagnostic techniques and is not inconsistent with the other substantial evidence in the record." Mastro v. Apfel, 270 F.3d 171, 178 (4th Cir. 2001). By negative implication, "if a physician's opinion is not supported by clinical evidence or if it is inconsistent with other substantial evidence, it should be accorded significantly less weight." Craig v. Chater, 76 F.3d 585, 590 (4th Cir. 1996).

In Burch v. Apfel, the Fourth Circuit set forth the factors, grounded in the regulations, the ALJ must consider in determining the weight of a physician's medical opinion if not according it controlling weight:

(1) the physician's length of treatment of the claimant,
(2) the physician's frequency of examination,
(3) the nature and extent of the treatment relationship,
(4) the support of the physician's opinion afforded by the medical evidence of record,
(5) the consistency of the opinion with the record as a whole; and
(6) the specialization of the treating physician.

4

9 Fed. Appx. 255, 259 (4th Cir. 2001); 20 C.F.R. § 404.1527(d)(2). While the ALJ must consider all of these factors under the regulations, Social Security Ruling 96-2p explains that the duty of explanation that this section of the regulations places on the ALJ is to "give good reasons in the notice of the determination or decision for the weight given to a treating source's medical opinion." S.S.R. 96-2p, 1996 WL 374188, at *5 (July 2, 1996). More particularly, the "notice of determination or decision must contain specific reasons for the weight given to the treating source's medical opinion, supported by the evidence in the case record, and must be sufficiently specific to make clear to any subsequent reviewers the weight the adjudicator gave to the treating source's medical opinion and the reasons for that weight." Id. This does not entail that the ALJ must expressly set forth a factor-by-factor analysis of each of the considerations listed above in every ruling that bears on the weight given to a medical opinion.

As discussed by the magistrate judge (M&R, pp. 8-10), the ALJ gave extensive reasons for weighing Dr. Kwark's opinion as he did, including the lack of explanation of the evidence Dr. Kwark relied on in forming that opinion, the lack of support for the opinion in Dr. Kwark's clinical findings and notes, and the inconsistencies between Dr. Kwark's opinion and those of two orthopaedic specialists. As the ALJ gave specific reasons for the weight given Dr. Kwark's opinion and these reasons are supported by evidence in the record, the ALJ sufficiently explained his rationale for assigning the weight that he did, and it was not error to fail to expressly discuss the length and frequency of the treating relationship.

Plaintiff also argues the magistrate judge erred in determining the ALJ properly evaluated plaintiff's credibility. The magistrate judge thoroughly recounts the procedures an ALJ must follow

5

in making a determination as to a claimant's credibility, as provided for by the regulations and case law. (See M&R pp. 10-11.) As plaintiff does not object to this statement of the law, the court incorporates it here without more.

Plaintiff's objection concerns the kinds of evidence other than objective medical evidence the regulations require an ALJ to consider in assessing the credibility of a claimant's statements. As stated in both the ALJ's opinion and the M&R, the ALJ must consider:

(1) The claimant's daily activities,
(2) The location, duration, frequency, and intensity of the pain or other symptoms,
(3) Factors that precipitate or aggravate the symptoms,
(4) The type, dosage, effectiveness, and side effects of any medication taken to alleviate the symptoms,
(5) Non-medical treatment received for relief of the symptoms,
(6) Any non-treatment measures used to relieve the symptoms,
(7) Other factors concerning functional limitations and restrictions due to symptoms.

20 C.F.R. § 404.1529(c)(3); (see also R. 20; M&R p. 11.) Plaintiff contends that the ALJ did not comply with these regulations as he failed to adequately evaluate the type, dosage, effectiveness, and side effects of the medication plaintiff took during the relevant period, and that the magistrate judge erred in failing to address this oversight.

Contrary to plaintiff's assertions, the court finds that the both the ALJ and the magistrate judge addressed the effect of medication on plaintiff's pain symptoms. In holding that the ALJ properly made the determination as to plaintiff's credibility, the magistrate judge noted that the ALJ considered "[c]laimant's use of pain medication, muscle relaxants and anti-inflammatories, complaints that her medications were sedating in nature, and an ineffective epidural steroid injection." (M&R, p. 13.) An independent review of the ALJ's ruling indicates that the ALJ indeed

6

discussed all of this evidence in making the credibility determination. (R. 22.) Accordingly, plaintiff's objection as to the evidence considered by the ALJ in ruling on plaintiff's credibility is without merit.

Plaintiff's final objection is that the magistrate judge improperly determined that the ALJ's assessment of the plaintiff's RFC was supported by substantial evidence. Plaintiff contends that the medical evidence of record supports Dr. Kwark's medical opinion as to plaintiff's functional capacity. The court has already determined that the ALJ properly discounted Dr. Kwark's assessment of plaintiff's capacity, and for those same reasons, plaintiff's objection as to the ALJ's RFC determination is without merit.

## CONCLUSION

Upon *de novo* review of the issues presented, the court accepts in whole the recommendation of the magistrate judge, rejects plaintiff's objections, and upholds the Commissioner's decision. Accordingly, plaintiff's motion for judgment on the pleadings (DE # 12) is DENIED, a nd defendant's motion for judgment on the pleadings (DE # 14) is GRANTED. The clerk is directed to close the case file.

SO ORDERED this the 15th day of May, 2009.

LOUISE W. FLANAGAN
Chief United States District Judge.